

**09 CV 00079**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X

GARY CHARLES BRESTLE,

Plaintiff,

-against-

ANGELO-GORDON & CO., LP;
CRUMB RUBBER INVESTORS CO., LLC;
UNITED STATES OF AMERICA;
DEPARTMENT OF JUSTICE; AND THE
FEDERAL BUREAU OF INVESTIGATION,

Defendants.

-------------------------------------X

CIVIL

JUDGMENT

**09 - 20123**

CIV-KING

FILED by _____ D.C.

JAN 1 4 2009

STEVEN M. LARIMORE
CLERK U S DIST CT
S. D. of FLA. – MIAMI

MAGISTRATE JUDGE
WHITE

Pursuant to the order issued _____ JAN X 7 2009 _____ by the Honorable Harold Baer,

Jr., United States District, dismissing the complaint as to defendants Angelo-Gordon & Co., LP

and Crumb Rubber Investors Co., LLC, it is,

ORDERED, ADJUDGED AND DECREED:  That the complaint be and it is hereby

dismissed as to defendants Angelo-Gordon & Co., LP and Crumb Rubber Investors Co., LLC,

pursuant to 28 U.S.C. § 1915(e)(2).  The action as it pertains to the remaining defendants shall

be transferred to the United States District Court for the Southern District of Florida.  The Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be

taken in good faith.  There is no just cause for delay.  Fed. R. Civ. P. 54(b).

HAROLD BAER, JR.
United States District Judge

Dated:  JAN X 7 2009
New York, New York

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON   1-12-09

MICHAEL McMAHON, CLERK

BY          DEPUTY CLERK

CLOSED, PRO-SE

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:09-cv-00079-HB
# Internal Use Only

Brestle v. Angelo-Gordon & Co., L.P. et al
Assigned to: Judge Harold Baer
Cause: 42:1983 Civil Rights Act

Date Filed: 01/07/2009
Date Terminated: 01/07/2009
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Gary C. Brestle**

represented by **Gary C. Brestle**
75416-004
Federal Satellite Low 2650
Highway 301
South Jesup, GA 31599
PRO SE

V.

**Defendant**

**Angelo-Gordon & Co., L.P.**
*TERMINATED: 01/07/2009*

**Defendant**

**Crumb Rubber Investors Co., L.L.C.**
*TERMINATED: 01/07/2009*

A CERTIFIED COPY
J. MICHAEL McMAHON,                     CLERK

BY _____
              DEPUTY CLERK

**Defendant**

**United States of America**

**Defendant**

**Department of Justice**

**Defendant**

**The Federal Bureau of Investigation**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/07/2009 | 1 | DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Gary C. Brestle.(laq) (Entered: 01/12/2009) |
| 01/07/2009 | 2 | COMPLAINT against Angelo-Gordon & Co., L.P., Crumb Rubber Investors Co., L.L.C., United States of America, Department of Justice, The Federal Bureau of Investigation. Document filed by Gary C. Brestle.(laq) (Entered: 01/12/2009) |
| 01/07/2009 | | (Court only) *** Set/Clear Flags *** Added flag(s):PRO-SE. (laq) (Entered: 01/12/2009) |
| 01/07/2009 | 3 | ORDER OF DISMISSAL, Accordingly, the complaint, filed in forma pauperis under 28 U.S.C. 1915(a)(1), is dismissed as to defendants Angelo-Gordon & Co., L.P. and Crumb Rubber Investors Co., L.L.C. pursuant to 28 U.S.C. 1915(e)(2). The Clerk of Court shall enter judgment dismissing the complaints as to these defendants. The action as it pertains to the remaining defendants, the United States, DOJ and FBI, shall be transferred to the United States District Court for the Southern District of Florida. That provision of Rule 83.1 of the Local Rules for the Southern District of New York which requires a five-day delay is waived. A summons shall not issue from this court. The Court certifies pursuant to 28 U.S.C.1915(a)(3) that any appeal from this order would not be taken in good faith. (Signed by Judge Harold Baer on 1/7/09) (laq) (Entered: 01/12/2009) |
| 01/07/2009 | 4 | JUDGMENT. Ordered, Adjudged and Decreed: That the complaint be and is hereby dismissed. 28 U.S.C. 1915(e)(2). We certify pursuant to 28 U.S.C. 1915(a)(3) that any appeal from the Court's order will not be taken in good faith. (Signed by Judge Harold Baer on 1/7/9) (laq) (Entered: 01/12/2009) |
| 01/07/2009 | | (Court only) *** Party Angelo-Gordon & Co., L.P. and Crumb Rubber Investors Co., L.L.C. terminated. (laq) (Entered: 01/12/2009) |
| 01/07/2009 | | CASE TRANSFERRED OUT from the U.S.D.C. Southern District of New York to the United States District Court - Southern District of Florida. Sent original file along with certified copy of docket entries and transfer order. Mailed via Federal Express AIRBILL # 8655 7113 1339 on 1/12/09. (laq) (Entered: 01/12/2009) |
| 01/12/2009 | | Magistrate Judge Douglas F. Eaton is so designated. (laq) (Entered: 01/12/2009) |

# JUDGE BAER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————X  **09 CV 00079**

GARY CHARLES BRESTLE,                        :

            Plaintiff,                  :            ORDER

   -against-                                 :

ANGELO-GORDON & CO., LP;                      :
CRUMB RUBBER INVESTORS CO., LLC;             :
UNITED STATES OF AMERICA;                     :
DEPARTMENT OF JUSTICE; AND THE               :
FEDERAL BUREAU OF INVESTIGATION,             :

            Defendants.                 :

—————————————————————X

      Plaintiff, presently incarcerated at the Federal Correctional Institution in Jesup, Georgia,

brings this *pro se* diversity action pursuant to 28 U.S.C. § 1332 against two companies he had

business relations with, the United States, the Department of Justice ("DOJ") and the Federal

Bureau of Investigation ("FBI"). He seeks monetary damages. The Court grants plaintiff's

request to proceed *in forma pauperis* but dismisses the complaint as to defendants Angelo-

Gordon & Co., LP and Crumb Rubber Investors Co., LLC. The action as it pertains to the

United States, DOJ and FBI, is transferred to the United States District Court for the Southern

District of Florida

## BACKGROUND

      Plaintiff brings this difficult to comprehend complaint alleging fraud, breach of contract

and tortious interference. To the extent the Court can understand the allegations, he claims that

he was formerly the President, CEO and Chairman of Global Waste Systems, Inc., a Florida

corporation, and that his wife was a member of the corporation's board of directors. Plaintiff

alleges that in 2005, the corporation filed a civil action in this Court alleging breach of contract,

tortious interference, fraud and other causes of actions against various entities, including

defendants Angelo-Gordon & Co, LP and Crumb Rubber Investors Co., LLC. See Global Waste

Systems, Inc. v. American Petroleum Group, Inc., et al., No. 05 Civ. 8167(GEL) (S.D.N.Y. Jan.

25, 2006). He further alleges that at the time the lawsuit was filed, both he and his wife were under investigation by the FBI. Plaintiff and his wife were eventually indicted and prosecuted in a criminal case before the United States District Court for the Southern District of Florida. See United States v. Brestle, N0. 05 Cr. 80215 (KAM) (S.D. Fla. Jan. 7, 2008). He alleges that he pled guilty to wire fraud and money laundering. Plaintiff claims that during the pendency of his criminal case, defendants United States, DOJ and FBI interfered with his ongoing contractual relations with third parties by not allowing him to be represented by the same firm of attorneys representing Global Waste Systems in the civil case before this Court, ignoring orders issued in the criminal case regarding modifying his bond, and placing his property under *lis pendens*. He alleges that the government violated his rights by impeding his ability to get funds and depriving him of his right to counsel by having his choice of counsel disqualified in the criminal case. Plaintiff seeks monetary damages.

## DISCUSSION

### Contractual Claims Against Corporate Defendants

As an initial matter, plaintiff's contractual claims against defendants Angelo-Gordon & Company and Crumb Rubber Investors Company must be dismissed. The Court notes that plaintiff is in essence attempting to relitigate claims asserted by Global Waste Systems in the prior action in this Court. See Global Waste Systems, Inc. V. American Petroleum Group, Inc., et al., No. 05 Civ. 8167(GEL) (S.D.N.Y. Jan. 25, 2006). After the action was dismissed by stipulation on January 25, 2006, plaintiff attempted to file a motion for reconsideration. By order dated August 19, 2008, the Honorable Gerard E. Lynch of this Court determined that plaintiff as Chairman, CEO and President of Global Waste Systems was not a party to the action, and could not represent the corporation "because a layperson may not represent a corporation in federal court." See Global Waste Systems, Inc. v. American Petroleum Group, Inc., et al., No. 05 Civ. 8167(GEL) (S.D.N.Y. Aug. 19, 2008) (citing Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (per curiam)). The Court also noted that plaintiff's status as an officer or director

2

of the corporation did not qualify him to represent the corporation before the Court since a "corporation can only appear in federal court through a licensed attorney." Id. Here, plaintiff is seeking to assert claims on behalf of Global Waste Systems. In fact, he simply took the exact allegations from the prior complaint and combined them with his claims against the federal government defendants in the instant action. As stated by Judge Lynch, however, plaintiff's status as an officer or director of Global Waste Systems does not qualify him to represent the corporation in this Court. Id.

**Claims Against Government Defendants**

To the extent plaintiff brings this action alleging violation of his federal civil and constitutional rights by the United States, DOJ, and FBI with respect to his criminal case in the Southern District of Florida, the complaint is liberally construed as an action brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*). The Court notes, however, that the United States District Court for the Southern District of New York is not the appropriate court in which to file these claims. The relevant venue provision for a Bivens action set forth at 28 U.S.C. § 1391(b), provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." Since a substantial part of the events or omissions giving rise to plaintiff's claims against the government defendants allegedly occurred in the Southern District of Florida, his claims against the United States, the DOJ, and the FBI should be and hereby are transferred to the United States District Court for the Southern of Florida.[1]  28 U.S.C. §§ 1391(b), 1406(a).

---

[1]  The Court notes that plaintiff presently has a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 pending in the Southern District of Florida. See Brestle v. United States, No. 08 Civ. 81290 (S.D. Fl. filed Nov. 4, 2008). In the § 2255 motion, plaintiff makes similar allegations of tortious interference by the government. Similar to the instant action, he alleges that the government impeded his ability to obtain funds and deprived him of his right to the

Accordingly, the complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed as to defendants Angelo-Gordon & Co., LP and Crumb Rubber Investors Co., LLC, pursuant to 28 U.S.C. § 1915(e)(2). The Clerk of Court shall enter judgment dismissing the complaint as to these defendants. The action as it pertains to the remaining defendants, the United States, DOJ, and FBI, shall be transferred to the United States District Court for the Southern District of Florida. That provision of Rule 83.1 of the Local Rules for the Southern District of New York which requires a five-day delay is waived. A summons shall not issue from this Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

There is no just cause for delay. Fed. R. Civ. P. 54(b).

SO ORDERED:

HAROLD BAER, JR.
United States District Judge

Dated:  ▓▓▓ X 7 2009
          New York, New York

A CERTIFIED COPY
J. MICHAEL McMAHON,          CLERK

BY
                DEPUTY CLERK

---

effective assistance of counsel in violation of the Sixth Amendment. Id.

4

**JUDGE BAER**  09 CV 00079

JAN - 7 2009

JS 44C/SDNY
REV. 1/2008

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Gary C. Brestle | see attached |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Pro Se Gary C. Brestle #75416-004 Federal Satellite Low 2650 Highway 301 South Jesup, GA 31599 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ]   Judge Previously Assigned _____

If yes, was this case Vol.[ ] Invol. [ ]  Dismissed. No [ ] Yes [ ]  If yes, give date _____  & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

| CONTRACT | | PERSONAL INJURY | | PERSONAL INJURY | | FORFEITURE/PENALTY | | BANKRUPTCY | | OTHER STATUTES | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| [ ] 110 | INSURANCE | [ ] 310 | AIRPLANE | [ ] 362 | PERSONAL INJURY - MED MALPRACTICE | [ ] 610 | AGRICULTURE | [ ] 422 | APPEAL 28 USC 158 | [ ] 400 | STATE REAPPORTIONMENT |
| [ ] 120 | MARINE | [ ] 315 | AIRPLANE PRODUCT LIABILITY | | | [ ] 620 | OTHER FOOD & DRUG | [ ] 423 | WITHDRAWAL 28 USC 157 | [ ] 410 | ANTITRUST |
| [ ] 130 | MILLER ACT | | | [ ] 365 | PERSONAL INJURY PRODUCT LIABILITY | [ ] 625 | DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | | [ ] 430 | BANKS & BANKING |
| [ ] 140 | NEGOTIABLE INSTRUMENT | [ ] 320 | ASSAULT, LIBEL & SLANDER | [ ] 368 | ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | | | **PROPERTY RIGHTS** | | [ ] 450 | COMMERCE |
| [ ] 150 | RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 330 | FEDERAL EMPLOYERS' LIABILITY | | | [ ] 630 | LIQUOR LAWS | [ ] 820 | COPYRIGHTS | [ ] 460 | DEPORTATION |
| | | [ ] 340 | MARINE | **PERSONAL PROPERTY** | | [ ] 640 | RR & TRUCK | [ ] 830 | PATENT | [ ] 470 | RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 151 | MEDICARE ACT | [ ] 345 | MARINE PRODUCT LIABILITY | [ ] 370 | OTHER FRAUD | [ ] 650 | AIRLINE REGS | [ ] 840 | TRADEMARK | | |
| [ ] 152 | RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 | MOTOR VEHICLE | [ ] 371 | TRUTH IN LENDING | [ ] 660 | OCCUPATIONAL SAFETY/HEALTH | | | [ ] 480 | CONSUMER CREDIT |
| | | [ ] 355 | MOTOR VEHICLE PRODUCT LIABILITY | [ ] 380 | OTHER PERSONAL PROPERTY DAMAGE | [ ] 690 | OTHER | **SOCIAL SECURITY** | | [ ] 490 | CABLE/SATELLITE TV |
| [ ] 153 | RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 | OTHER PERSONAL INJURY | [ ] 385 | PROPERTY DAMAGE PRODUCT LIABILITY | | | [ ] 861 | HIA (1395ff) | [ ] 810 | SELECTIVE SERVICE |
| | | | | | | **LABOR** | | [ ] 862 | BLACK LUNG (923) | [ ] 850 | SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 160 | STOCKHOLDERS SUITS | | | | | [ ] 710 | FAIR LABOR STANDARDS ACT | [ ] 863 | DIWC/DIWW (405(g)) | | |
| [ ] 190 | OTHER CONTRACT | | | | | [ ] 720 | LABOR/MGMT RELATIONS | [ ] 864 | SSID TITLE XVI | [ ] 875 | CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 195 | CONTRACT PRODUCT LIABILITY | **ACTIONS UNDER STATUTES** | | | | [ ] 730 | LABOR/MGMT REPORTING & DISCLOSURE ACT | [ ] 865 | RSI (405(g)) | [ ] 890 | OTHER STATUTORY ACTIONS |
| [ ] 196 | FRANCHISE | **CIVIL RIGHTS** | | **PRISONER PETITIONS** | | [ ] 740 | RAILWAY LABOR ACT | **FEDERAL TAX SUITS** | | [ ] 891 | AGRICULTURAL ACTS |
| | | [ ] 441 | VOTING | [ ] 510 | MOTIONS TO VACATE SENTENCE 28 USC 2255 | [ ] 790 | OTHER LABOR LITIGATION | [ ] 870 | TAXES (U.S. Plaintiff or Defendant) | [ ] 892 | ECONOMIC STABILIZATION ACT |
| | | [ ] 442 | EMPLOYMENT | | | [ ] 791 | EMPL RET INC SECURITY ACT | [ ] 871 | IRS-THIRD PARTY 26 USC 7609 | [ ] 893 | ENVIRONMENTAL MATTERS |
| **REAL PROPERTY** | | [ ] 443 | HOUSING/ ACCOMMODATIONS | [ ] 530 | HABEAS CORPUS | | | | | [ ] 894 | ENERGY ALLOCATION ACT |
| [ ] 210 | LAND CONDEMNATION | [ ] 444 | WELFARE | [ ] 535 | DEATH PENALTY | **IMMIGRATION** | | | | [ ] 895 | FREEDOM OF INFORMATION ACT |
| [ ] 220 | FORECLOSURE | [ ] 445 | AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 540 | MANDAMUS & OTHER | [ ] 462 | NATURALIZATION APPLICATION | | | [ ] 900 | APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 230 | RENT LEASE & EJECTMENT | | | [ ] 550 | CIVIL RIGHTS | [ ] 463 | HABEAS CORPUS- ALIEN DETAINEE | | | | |
| [ ] 240 | TORTS TO LAND | [ ] 446 | AMERICANS WITH DISABILITIES -OTHER | [ ] 555 | PRISON CONDITION | [ ] 465 | OTHER IMMIGRATION ACTIONS | | | [ ] 950 | CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 245 | TORT PRODUCT LIABILITY | [ ] 440 | OTHER CIVIL RIGHTS | | | | | | | | |
| [ ] 290 | ALL OTHER REAL PROPERTY | | | | | | | | | | |

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unspecified  OTHER injunctive

*Check YES only if demanded in complaint*
JURY DEMAND: [✓] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____  DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

JS 44C/SDNY
REV. 1/2008

**CIVIL COVER SHEET**

CV 00079

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of
pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial
Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating
the civil docket sheet.

JAN — 7 2009

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Gary C. Brestle | see attached |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Pro Se Gary C. Brestle #75416-004 Federal Satellite Low 2650 Highway 301 South Jesup, GA 31599 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ]   Judge Previously Assigned _____

If yes, was this case Vol.[ ] Invol. [ ] Dismissed. No [ ] Yes [ ]   If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*                    NATURE OF SUIT

### TORTS                                    ACTIONS UNDER STATUTES

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[X] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 OTHER FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**

[ ] 462 NATURALIZATION APPLICATION
[ ] 463 HABEAS CORPUS- ALIEN DETAINEE
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 28 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ unspecified  OTHER injunctive

*Check YES only if demanded in complaint*
JURY DEMAND: [✓] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____  DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

ANGELO-GORDON & CO., LP;
CRUMB RUBBER INVESTORS CO., LLC;
UNITED STATES OF AMERICA;
DEPARTMENT OF JUSTICE; AND THE
FEDERAL BUREAU OF INVESTIGATION

AO 240 (Rev. 10/03)

# UNITED STATES DISTRICT COURT

**SOUTHERN**                    District of          **NEW YORK**

GARY CHARLES BRESTLE
        Plaintiff

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

                 V.

ANGELO-GORDON & CO., L.P. &
CRUMB RUBBER INVESTORS CO.,
LLC.UNITED STATES OF
AMERICA DEPARTMENT OF JUSTICE
        Defendant
FEDERAL BUREAU OF INVESTIGATION

CASE NUMBER: **COMPLAINT FOR CIVIL FRAUD**

GARY CHARLES BRESTLE

I, _____ declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant           ☐ other _____

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?         ☒ Yes          ☐ No          (If "No," go to Part 2)

    If "Yes," state the place of your incarceration  **Federal Satellite Low 2650 Highway 301 South
    Jesup, Georgia 31599**

    Are you employed at the institution?  **YES**   Do you receive any payment from the institution?  ~~NO~~ **YES**

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2.  Are you currently employed?             ☒ Yes          ☐ No

    a.  If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.  **Eighteen dollars per month ($18.00)
        Federal Satellite Low, Jesup, Georgia**

    b.  If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

                                        **N/A**

3.  In the past 12 twelve months have you received any money from any of the following sources?

    a.  Business, profession or other self-employment        ☐ Yes    ☒ No
    b.  Rent payments, interest or dividends                 ☐ Yes    ☒ No
    c.  Pensions, annuities or life insurance payments       ☐ Yes    ☒ No
    d.  Disability or workers compensation payments          ☐ Yes    ☒ No
    e.  Gifts or inheritances                               ☐ Yes    ☒ No
    f.  Any other sources                                   ☒ Yes    ☐ No

    If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

**MY ONLY SOURCE OF INCOME BESIDES THE $18.00 per MONTH I MAKE AT THE FEDERAL SATELLITE LOW, JESUP, GEORGIA IS FROM WHATEVER MY MY DAUGHTERS CAN PROVIDE.**

4. Do you have any cash or checking or savings accounts?     ☐ Yes     ☒ No

   If "Yes," state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?     ☐ Yes     ☒ No

   If "Yes," describe the property and state its value.

N/A

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

N/A

I declare under penalty of perjury that the above information is true and correct.

| September 2, 2008 | Gary C. Brestle Reg. No.: 75416-004 |
|---|---|
| Date | Signature of Applicant |

NOTICE TO PRISONER: A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.



## Inmate Inquiry

| | | | |
|---|---|---|---|
| Inmate Reg #: | 75416004 | Current Institution: | Jesup FCI |
| Inmate Name: | BRESTLE, GARY | Housing Unit: | JES-A-B |
| Report Date: | 09/04/2008 | Living Quarters: | A03-300L |
| Report Time: | 10:49:58 AM | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 2747 |
| PAC #: | 341056466 |
| FRP Participation Status: | Refused |
| Arrived From: | TAL |
| Transferred To: | |
| Account Creation Date: | 1/7/2008 |
| Local Account Activation Date: | 5/17/2008 4:41:11 AM |
| Sort Codes: | |
| Last Account Update: | 9/3/2008 3:06:46 PM |
| Account Status: | Active |
| Phone Balance: | $8.79 |

### FRP Plan Information

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|

## Account Balances

| | |
|---|---|
| Account Balance: | $73.47 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $73.47 |
| National 6 Months Deposits: | $2,242.88 |
| National 6 Months Withdrawals: | $2,269.42 |
| National 6 Months Avg Daily Balance: | $99.08 |
| Local Max. Balance - Prev. 30 Days: | $190.75 |
| Average Balance - Prev. 30 Days: | $44.35 |

## Commissary History

### Purchases

Validation Period Purchases: $174.18
YTD Purchases: $1,171.35
Last Sales Date: 9/3/2008 6:56:25 AM

### SPO Information

SPO's this Month: 0
SPO $ this Quarter: $0.00

### Spending Limit Info

Spending Limit Override: No
Weekly Revalidation: No
Bi-Weekly Revalidation: No
Spending Limit: $25.00
Expended Spending Limit: $24.05
Remaining Spending Limit: $0.95

## Commissary Restrictions

### Spending Limit Restrictions

Restricted Spending Limit: $0.00
Restricted Expended Amount: $0.00
Restricted Remaining Spending Limit: $0.00
Restriction Start Date: N/A
Restriction End Date: N/A

### Item Restrictions

| List Name | List Type | Start Date | End Date | Active |
|-----------|-----------|------------|----------|--------|

## Comments

### Comments:

United States District Court
Southern District of New York

# PRISONER AUTHORIZATION

Mailed to Plaintiff by the Court on this date: SEPTEMBER 25, 2008

ANGELO-GORDON&CO., CRUMB RUBBER INV.CO.

**RE:**  GARY CHARLES BRESTLE           - v - UNITED STATES OF AMERICA, DEPART. OF
*(Enter the full name of the plaintiff(s).)* ~~JUSTICE, FEDERAL BUREAU INVEST~~IGATION
*(Enter the full name of the defendant(s).)*

**NOTICE IS HEREBY GIVEN THAT THIS ACTION WILL BE DISMISSED UNLESS PLAINTIFF COMPLETES AND RETURNS THIS AUTHORIZATION FORM TO THIS COURT WITHIN FORTY-FIVE (45) DAYS FROM THE DATE OF THIS NOTICE.**

The Prison Litigation Reform Act ("PLRA" or "Act") amends the *in forma pauperis* statute (28 U.S.C. § 1915) and applies to your case. Under the PLRA, you are required to pay the full filing fee when bringing a civil action if you are currently incarcerated or detained in any facility. If you do not have sufficient funds in your prison account at the time your action is filed, the Court must assess and collect payments until the entire filing fee of $350 has been paid, no matter what the outcome of the action.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SIGN AND DATE THE FOLLOWING AUTHORIZATION:**

I, GARY CHARLES BRESTLE            *(print or type your name)*, request and authorize the agency holding me in custody to send to the Clerk of the United States District Court for the Southern District of New York, a certified copy of my prison account statement for the past six months. I further request and authorize the agency holding me in custody to calculate the amounts specified by 28 U.S.C. § 1915(b), to deduct those amounts from my prison trust fund account (or institutional equivalent), and to disburse those amounts to the United States District Court for the Southern District of New York. This authorization shall apply to any agency into whose custody I may be transferred.

**I UNDERSTAND THAT BY SIGNING AND RETURNING THIS NOTICE TO THE COURT, THE ENTIRE COURT FILING FEE OF $350 WILL BE PAID IN INSTALLMENTS BY AUTOMATIC DEDUCTIONS FROM MY PRISON TRUST FUND ACCOUNT EVEN IF MY CASE IS DISMISSED.**

OCTOBER 3RD.        , 20 08          GARY C. BRESTLE
*Date Signed*                        *Signature of Plaintiff*

N.Y.S.I.D. # _____N/A_____

Local Jail/Facility I.D. # ____N/A____

Federal Bureau of Prisons I.D. # 75416-004

*Rev. 05/2007*

## Inmate Inquiry

[PRINT]

| | | | |
|---|---|---|---|
| Inmate Reg #: | 75416004 | Current Institution: | |
| Inmate Name: | BRESTLE, GARY | Housing Unit: | |
| Report Date: | 10/02/2008 | Living Quarters: | |
| Report Time: | 2:47:46 PM | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 2747 |
| PAC #: | 341056466 |
| FRP Participation Status: | Refused |
| Arrived From: | TAL |
| Transferred To: | |
| Account Creation Date: | 1/7/2008 |
| Local Account Activation Date: | 5/17/2008 4:41:11 AM |
| Sort Codes: | |
| Last Account Update: | 10/1/2008 6:01:50 AM |
| Account Status: | Active |
| Phone Balance: | $8.69 |

**FRP Plan Information**

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|

## Account Balances

| | |
|---|---|
| Account Balance: | $30.58 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $30.58 |
| National 6 Months Deposits: | $2,108.13 |
| National 6 Months Withdrawals: | $2,335.96 |
| National 6 Months Avg Daily Balance: | $71.80 |
| Local Max. Balance - Prev. 30 Days: | $107.52 |
| Average Balance - Prev. 30 Days: | $36.05 |

A⦿240 (Rev. 10/03)

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | NEW YORK |

**GARY CHARLES BRESTLE**
Plaintiff

V.

**ANGELO-GORDON & CO., L.P. &
CRUMB RUBBER INVESTORS CO.,
LLC. UNITED STATES OF
AMERICA, DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION**
Defendant

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

CASE NUMBER: **COMPLAINT FOR CIVIL FRAUD**

I, _____GARY CHARLES BRESTLE_____ declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?          ☒ Yes          ☐ No          (If "No," go to Part 2)

   If "Yes," state the place of your incarceration   ~~Federal Satellite Low 2650 Highway 301 South~~
   Jesup, Georgia 31599
   Are you employed at the institution?  __YES__   Do you receive any payment from the institution?  ~~NO~~ *YES*

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed?          ☒ Yes          ☐ No

   a.  If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer.   **Eighteen dollars per month ($18.00)
      Federal Satellite Low, Jesup, Georgia**

   b.  If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

   **N/A**

3. In the past 12 twelve months have you received any money from any of the following sources?

   a.  Business, profession or other self-employment          ☐ Yes          ☒ No
   b.  Rent payments, interest or dividends                    ☐ Yes          ☒ No
   c.  Pensions, annuities or life insurance payments          ☐ Yes          ☒ No
   d.  Disability or workers compensation payments             ☐ Yes          ☒ No
   e.  Gifts or inheritances                                   ☐ Yes          ☒ No
   f.  Any other sources                                       ☒ Yes          ☐ No

   If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

MY ONLY SOURCE OF INCOME BESIDES THE $18.00 per MONTH I MAKE AT
THE FEDERAL SATELLITE LOW, JESUP, GEORGIA IS FROM WHATEVER MY
MY DAUGHTERS CAN PROVIDE.

4.   Do you have any cash or checking or savings accounts?          ☐ Yes          ☒ No

     If "Yes," state the total amount.  _____

5.   Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other
     thing of value?          ☐ Yes          ☒ No

     If "Yes," describe the property and state its value.

                              N/A

6.   List the persons who are dependent on you for support, state your relationship to each person and indicate
     how much you contribute to their support.

                              N/A

I declare under penalty of perjury that the above information is true and correct.

OCTOBER 3, 2008
~~September 2, 2008~~                    Gary C. Brestle Reg. No.: 75416-004
_____              _____
        Date                               Signature of Applicant

NOTICE TO PRISONER: A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit
stating all assets.  In addition, a prisoner must attach a statement certified by the appropriate institutional officer
showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have
multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each
account.

Gary C. Brestle
Reg. No.: 75416-004
Federal Satellite Low
2650 Highway, 301 South
Jesup, Ga. 31599

M. Santiago                                              October 3, 2008
Pro Se' Clerk
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 230
New York, New York 10007

RE: **Brestle, Gary C. v. Angelo-Gordon & Co., et al.**

Dear M. Santiago,

Thank-you for responding to my complaint filed in the Sounthern District of New York, and received by the Pro Se' Office on September 15, 2008.

As noted I (the plaintiff) have brought this action forward Pro Se', and consequently would like to ask the following questions, as to have a complete understanding of the law as it pertains to this action, and in particular, the wording in paragraph one of your letter dated September 25, 2005, (civil rights complaint, and 42 U.S.C. § 1983.

In your letter dated September 25, 2008, you Re: **Brestle, Gary C. v. Angelo-Gordon & Co., et al.** Have the other defendents been dropped from this action.

If of any help to you. The plaintiff (Gary C. Brestle), is also a Plaintiff in Federal Court in the Southern District of Florida, case number 08-80627-Civ-Middlebrooks/White, the plaintiff was just GRANTED permission to move forward informa pauperi. This order was signed on September 9, 2008, and can be viewed on the electronic service 'Pacer'.

These are some of the questions I have regarding this matter.

If of any help to you, to expedite this process, my daughter has power of attorney for my affairs while I am incarcerated. Her Name is Kerri L. Perusse, she lives at 10513 Marsh Street Wellington Florida 33414, her date of birth is February 19, 1980, the password should you want to speak with her is "awning". Her phone # is 5617911052.

Thank-you so much for your help.

Sincerely,

Gary C. Brestle
Reg. No.: 75416-004

JUDGE BAER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY CHARLES BRESTLE
       Plaintiff,

v.

ANGELO-GORDON & CO., L.P.,
CRUMB RUBBER INVESTORS CO., LLC.
UNITED STATES OF AMERICA,
DEPARTMENT OF JUSTICE, and the
FEDERAL BUREAU OF INVESTIGATION
       Defendants.   /

COMPLAINT FOR FRAUD
BREACH OF CONTRACT
AND TORTIOUS INTERFERENCE

JURY DEMAND

**COMES NOW,** the Plaintiff, Gary Charles Brestle Pro Se and informa pauperi, as and for the Plaintiff's complaint against Angelo-Gordon & Co. L.P., ('AGC'), Crumb Rubber Investors Co., LLC. ('CRIC'), United States of America, ('USA'), Department of Justice, ('DOJ'), and the Federal Bureau of Investigation, ('FBI'), alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Gary Charles Brestle, 'Brestle', was a Florida resident with his primary residence at the time of the incident as 221 Ocean Terrace Palm Beach, Florida 33480. 'Brestle' is presently incarcerated at the Federal Satellite Low, 2650 Highway 301 South Jesup, Georgia 31599.

2.  It is important to note that 'Brestle' and his wife Isbelia Q. Brestle, (Isbelia Quijada, August 15, 2008), owned 100% of the Founders Stock in Global Waste Systems Inc., 'GWSI', a Florida corporation, with its primary place of business, at the time of the incident, as 125 Worth Avenue Suite 330, Palm Beach, Florida 33480.

3.  Defendant 'AGC', with its principle place of business in New York. 'AGC', is an investment management firm specializing in non-traditional assets.

he makes the document referring to the $200,000.00 from the prospective buyer an exhibit in Federal Court in Fort Pierce Florida.

65.   "brestle' is declared indigent by a United States Federal Magistrate in March of 2006, and is appointed his third court appointed counsel in July of 2007, after 'Brestle's' chosen counsel were disqaulified in February 2006.

66.   In these circumstances demonstrating misconduct, after the fact would be all but impossible, if it was not for the trial of paper 'Brestle' kept. In order to show that the outcome may have been different had 'Brstle' been able to afford better preparation. 'Brestle's' counsel, after conviction, would have to do the work that 'Brestle' could not afford to have done in the first palce. If 'Brestle' could not afford to have it done in the first place, then 'Brestle' certainly could not afford to have it done after conviction. And relying upon the possibilty of counsel appointed under the Criminal Justice Act to do so, since 'Brestle' was indigent simply would be unrealistic.

67.   As a result of these Constitutional Violations, 'Brestle''s "Due Process" right has been violated.

**WHEREFORE,** Plaintiff 'Brestle' demands judgement for damages against defendants, together with interest, costs, and award of punitive and compensatory damages against Angelo Gordon and Co., Crumb Rubber Investors, Co., the United States of America, Department of Justice, and the Federal Bureau of Investigation, and such other and further relief as the Court may deem just and proper.

<u>DEMAND FOR JURY TRIAL</u>

DATED: JESUP, GEORGIA
       September 8, 2008

4. Defendant 'CRIC' was a Delaware Limited Liability Company with its principle place of business in New York. On information and belief, 'CRIC' was primarily or exclusively owned by, and was dominated and controlled by defendant 'AGC' which purported at all relevant times (with the knowledge and consent of 'CRIC'), to have full authority to act for, and full control over 'CRIC'.

5. Defendant United States of America, Department of Justice 'DOJ', with its principle place of business in Washington, D.C.

6. Defendant Federal Bureau of Investigation with its principle place of business in Washington, D.C. The court has jurisdiction, due to the 'FBI's' commission of Tortious Interference acts takes place within the state of New York.

7. The court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum $75,000.00, exclusive of interest and costs.

8. Venue is proper within the district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this action occurred within the district and one or more of the defendants are located within the district.

## GENERAL ALLEGATIONS

A. THE RECOVERY TECHNOLOGIES INVESTMENT

9. Beginning in mid-2004, 'Brestle' was Chairman, President, and CEO of 'GWSI'. His wife (Isbelia Q. Brestle), then was a board director member of 'GWSI'. 'Brestle' along with upper management Ronal Boger, Bill Short, Mauricio Quijada, and Vice President and

General Counsel Bruce W. Keihner, began negotiating to purchase from 'CRIC' and its wholly-owned subsidiaries certain assets, (the Recovery Technology Assets) 'RTG', including (without limitation) assets relating to scrap tire collection and processing business located in Atlanta, Georgia, Baytown, Texas, Central Florida, and a call center in Dallas, Texas.

10. On or about October 12, 2004, 'Brestle' 'GWSI' and 'CRIC' entered into a letter of intent 'LOI' with respect to the 'RTG' assets. The purchase price provided in the 'LOI' was $9,000,000.00 subject to certain adjustments identified in the letter. The 'LOI' provided that it would terminate on November 30, 2004. It also provided that only certain of it provisions would be legally binding and enforceable with respect to the parties, including a "standstill" obligation that precluded 'CRIC' from attempting to negotiate with any other potential purchaser.

11. 'Brestle' and senior management contact numerous debt, equity, financial lending institutions, and investment bankers raising in excess of $29,000,000.00 for the purchase of the 'RTG' assets, from 'CRIC' and 'AGC'.

B. THE BINDING PRELIMINARY COMMITMENT AND REPRESENTATIONS OF CONTINUED EXCLUSIVE NEGOTIATIONS

12. Accordingly, beginning on or about December 7, 2004, in a meeting with the seller's primary negotiator (who acted on behalf of both 'CRIC' and 'AGC') was Josh Brain 'Brain', the co-manager of 'AGC's private equity and special situation investment efforts. Initially, investigations and negotiations on behalf of 'Brestle' and 'GWSI', were conducted by its then-President Ronald Boger, and its then-Chief Financial Officer William 'Billy' Short.

In late 2004 Messrs. Boger and Short left 'GWSI', and subsequently negotiations took place through Chairman, President and CEO 'Brestle' and 'GWSI' Vice President Mauricio Quijada. The previously mentioned meeting on December 7, 2004 takes place between 'Brain' and Mauricio Quijada in New York City, the parties agreed that they would continue to pursue the transaction notwithstanding the **LOI's expiration**; that they would follow the business terms previously agreed upon by the parties and memorialized in the 'LOI', such as to the price and particular assets to be acquired; that they would negotiate the remaining terms in **good faith**;  and that the seller would continue **to deal** with 'Brestle' **in seeking to sell** the 'RTG' assets.

13.  In multiple meeting and telephone calls with 'Brestle' between December 7, 2004 and April 15, 2005, 'Brain' repeated the seller's commitments described in the preceeding paragraph and stated tah "... 'Brestle' **had the deal** and 'Brain' and his companies would negotiate in **good faith**; to a conclusion of the transaction; and 'Brain assured 'Brestle', Mauricio Quijada and Bruce W. Keihner, Vice President and General Counsel, that 'Brestle' did not need a written letter to protect its rights. 'Brain' and 'AGC' continued to provide financial information to 'Brestle'; specifically the fourth quarter of fiscal year 2004, confidential corporate financial and performance results of 'RTG' which were received by 'Brestle' , General Counsel Bruce Keihner, Mauricio Quijada, and financial consultant George W. Weast on March 23, 2005.

14.  During the same time period 'Brain' told 'Brestle', Quijada, and General Counsel Keihner, that 'Brain' would be happy to **confirm** to any party, at there request that the deal was in place for 'Brestle' to purchase the 'RTG' assets.

15.  in **reliance** upon the foregoing **agreement** and

**representations,** 'Brestle' expended substantial sums for, inter alia, due diligence, accounting, legal and finacial work in connection with the transaction, having in place counsel from Edwards & Angel (Gary Woodfield, Esq.), Henshaw & Culbertson (Lawrence Litow, Esq. and Daniel Zublidowski. Esq.), and from the law firm of Greenberg Traurig, 'Brestle' brings on board Pedro Martinez-Fraga, and Ryan Reetz. To assure accountability, 'Brestle' has in place Anthony Coleman, Corsica & Montgomery, and eventually Jack Cooney, CPA's to make certain that the entire transaction is protected. 'Brain', 'CRIC' and 'AGC', previously provided Mike Wetzel the then-President 'RTG' North America, to provide inside assistance and oversee the acquisition.

16.  In one trip to 'AGC's' office in Manhattan, 'Brestle' meets with 'Brain' discussing the ongoing acquisition of the 'RTG' assets, at which time 'Brain' asks 'Brestle', who is going to manage the 'RTG' assets, consisting of numerous employees, and millions of dollars of product and machinery. 'Brain' states to 'Brestle', how mach tire crumbing experience do you have? 'Brestle' says none. But tells 'Brain' that he will correct the problem. 'Brestle' is made aware by then-Vice President and General Counsel Bruce W. Keihner that the Canadian Company "Envirotire" is available for purchase through the Bankruptcy Courts in Ontario, Canada. 'Brestle' hires the firm of Zwaig Consulting Inc., in Canada to oversee the possible acquisition. 'Brestle' and management all agree that this should quell 'Brain's' fears of lack of management to effectively operate the 'RTG' assets.

17.  In futher **reliance** upon the foregoing **agreement** and **representations,** 'Brestle' entered into negotiations and ultimately an agreement to purchase additional assets from "Envirotire" of

Canada", (under which 'Brestle made a non-refundable deposit of $100,000.00, which 'Brestle' borrows from then-President of Unisphere Waste, Cal Parent', under a Promissory Note prepared by Vice President and General Counsel Bruce W. keihner. The n non-refundable deposit is made with the Bankruptcy Trustee in Canada). 'Brestle' **relies** on this tactical move, not only to acquire the "Envirotire" **assets** and on going **sales** of the company. but is also the recipient of the 'Envirotire" managment team headed by Chairman and CEO John Wypich, Fernando Sinn Operations Manager, Dr. Jank Engineer, Yossi Gal Plant Manager, Martha White M & A's, Bruce Lush Certified Management Accountant, and Loreno Folo dispatcher. These individuals bring over 50 years of tire crumbing experience to the table. 'Brestle' arranges a meeting in New York at the office's of 'AGC' with Vice President Mauricio Quijada and tells 'Brain' the news of the impending acquisition, of "Envirotire" and that this is the team that will be managing both operations. 'Brain' is pleased.

C.    'BRESTLE' INVOLVES AMERICAN PETROLEUM GROUP 'APG'

18.  On or about April 4, 2005, 'Brestle' was introduced to 'APG' and managing partner William Palla, 'Palla', by investment banker Saul Kagan, 'Kagan' at the New York Palace Hotel, in New York City. Both 'Palla' and 'Kagan' express there interest in 'APG' participating in the 'RTG' transaction. All of the parties 'Brestle' 'Palla' and 'Kagan' arrange for a meeting to take place the following week in Philadelphia, Pennsylvania at the Ritz Carlton Hotel, so that all parties can discuss aand complete a strategic alliance. The meeting is to take place on April 11, 2005.

19.   On April 11, 2005, at the Ritz Carlton Hotel in
Philadelphia, Pennsylvania 'Brestle' arrives with Vice President
and General Counsel Bruce W. Keihner, Vice President of 'GWSI'
Mauricio Quijada, and President of "Envirotire" John Wypich. In
attendance from 'APG' are 'Kagan', 'Palla', James Zimbler President
and CEO of 'APG' and Ronald Schapss Chairman of 'APG'. 'APG' is an
AMEX trading public company. All parties agree to a proposal put
forth by 'APG', that "brestle" should **merge**  his company 'GWSI'
with 'APG' prior to the 'RTG' acquisition and use 'APG' as the
vehicle to finalize the purchase of the 'RTG' assets.

20.   'APG' agrees that they ('APG') will put up all the money
($9,000,000.00 plus) to make the 'RTG' purchase. This **merger** would
provide 'Brestle' with an equity position in 'APG' which base on
market capitalization and then current price, was **valued** in the
millions of dollars, exclusive of any additional **derived value**
resulting from the 'RTG' acquisition. A third meeting is scheduled
between 'Brestle', 'Palla' and Schapss the following week back in
New York City at the New York Palace Hotel, before the final meeting
takes place in Palm Beach, Florida, at 'Brestle's' offices to
memorialize, in writing the terms of the **merger**. 'Brestle' notifies
'Brain' about the pending **merger,** and once again 'Brain' is pleased,
and comfortable with the concept.

21. Subsequent to the meeting to take place in Palm Beach,
Florida. 'Brestle' is at the New York Palace Hotel, in New York
City, and receives a phone call from 'Brain' who informs 'Brestle'
that the 'RTG' assets are no longer for sale. Following 'Brestle'
receives a phone call from 'Kagan' where 'Kagan' tells 'Brestle'
"...a little bird just flew in my window, and told me ('Kagan')
that the reason 'AGC' is not selling 'Brestle' the assets of 'RTG'

is because 'AGC' received a phone call from the **'DOJ', informing** 'AGC' that 'Brestle was under **Department of Justice investigation**".

22.   'Brestle' departs New York for South Jersey by car to see his mother who is dying of cancer, and on his way receives a phone call fro Ronal Schapss, Chairman of 'APG' who informs 'Brestle' that he has just spoken to 'brain'from 'AGC' and that 'Brain' had told Schapss that 'Brestle' was nothing more than a broker in the deal anyway. Schapss told 'Brestle' that if he 'Brestle' got things worked out to call Schapss back, that 'APG' was still interested in moving forward.

23.   'Brestle' arrives back at his home in Palm Beach, Florida, and makes one last attempt to save the 'RTG' acquisiton. 'Brestle' is in the drivway of his home and calls 'Brain' and tells 'Brain' that he has a number of investors involved in the 'RTG' acquisition, and that the loss of the 'RTG asset purchase will cause him ('Brestle') numerous problems. 'Brain's' to 'Brestle' is "to bad, good bye, and do not call me again".

D.    THE NEIL HARGER AFFIDAVIT

On October 7, 2005, Mr. Neil C. Harger submitted to a **duly sworn** personal affidavit, **specifying in detail** a meeting which took place in Palm Beach County, Florida, where he was requested to appear at the **Federal Bureau of Investigation's** Palm Beach office in connection with their investigation of **Gary C. Brestle.** And states: "...On October 4, 2005 at the 'FBI's' request, I met with Agents at the 'FBI' office, Flagler Street West Palm Beach, Florida. The interview lasted approximately one hour. During the interview, Agent Daniel T. Scotler told me that **he had called Angelo Gordon** and that **Angelo Gordon advised** Agent Scotler that Angelo Gordon **never intended** to seel the 'RTG' assets to Global Waste Systems, Inc..

("Global"). Further I was **advised** by 'FBI' agent Daniel T. Scotler
that there was **no** lawsuit by Global **against** Angelo Gordon, and
Agent Joseph G. Sconzo said that the copy of the complaint. which
I showed him, **was not real,** because the template and header were
probably **altered to decieve me"**. This affidavit was natarized before
Barbara Rich, commission number DD413696 on October 7, 2005, her
commisssion expires June 30, 2009.

     E.     'BRESLTE' FILES A LAE SUIT AGAINST ANGELO-GORDON
              AND CRUMB RUBBER ON BEHALF OF 'GLOBAL' THROUGH
              THE LAWFIRM OF GREENBERG TRAURIG

    24. On September 21, 2005 in the Southern District of New York,
Mr. Philip H. Cohen, Esq. of the lawfirm Greenberg Traurig LLP, in
New York, files case number 05-Civ-8167; the case is forwarded and
assigned to the Honorable Judge Gerard E. Lynch, the lawsuit delinates
a cause of action by Global Waste Systems, Inc., pursuant to 28
U.S.C. § 1332 for breach of contract, tortious interference, fraud and
other causes of action arising out of negotiations for the purchase
of a business, specifically the 'RTG' assets from Angelo-Gordon.
This lawsuit was filed a **full fourteen (14) days prior** to Mr. Haeger's
meeting with the 'FBI', concerning 'Brestle.

     F.     'BRESTLE' AND HIS WIFE ISBELIA Q. BRESTLE'S 'FBI'
              INVESTIGATION AND SUBSEQUENT INDICTMENT

    25. 'Brestle' and his wife are under 'FBI' investigation at
the time of the filing of the September 21, 2005 lawsuit (05-Civ-
8167), by Greenberg Traurig in the Southern District of New York.
'Brestle' pleads guilty to wire fraud and money laundering, and his
wife pleads guilty to one count of misprison of a felony. As indicated
in paragraph one (1) of this complaint 'Brestle' is now incarcerated
at the Federal Satellite Low, in Jesup, Ga., where he is serving a
120 month prison sentence. 'Brestle's' wife receives three (3) years

probation.

26.  Both 'Brestle's' have significant amounts of restitution to make. 'Brestle' in excess of $9.4 million dollars, and his wife in excess of $300,000.00.

27.  The 'Brestle's' were arrested sometime on or before December 8, 2005. 'Brestle' was incacerated for a period of twelve days (12) before making bond of $250,000.00 CSB, $250,000.00 PSB. 'Brestle' wife is incarcerated for a period of twenty-one days (21) before bond in excess of $1,000,000.00 dollars can be reached. 'Brestle' is made aware at his bond hearing, by the **Department of Justice**, that Bruce W. Keihner of "GWSI" has been made a **special witness for the 'DOJ'**, **disinfranchising** 'Brestle' from corporate counsel. It is important to note that 'GWSI' **is not** part of the 'Brestle' indictment.

28.  'Brestle' tries to obtain money for counsel for both himself, and to keep the lawsuit going in the Southern District of New York. 'Brestle's' **chosen counsel are disqualified** under a Garcia Motion, by then-**United States** District Court Judge Rsykamp on February 10, 2006.

29.  The 'Brestle's' home is valued at $3.2 million dollars and is put under lis pendens by the **'DOJ'**. The lis pendens is put on the home sometime in December 2005.

30.  Judge Lennia R. Johnson issues an **order** on February 21, 2006, modifying 'Brestle's' bond **permitting** 'Brestle' to **borrow money in order to retain chosen counsel**, and for investigative services. The 'DOJ' **ignores** the court order modifying 'Brestle's' bond, and informs 'Brestle's' forfeiture attorney, Bruce S. Rosenwater 'Rosenwater' that the **United States** will not lift the lis pendens on the 'Brestle' property **or** participate in **any** arrangement allowing

'Brestle' to **borrow money**. It is important to note\*\*\* that 'Brestle' receives an e-mail from forfeiture attorney 'Rosenwater' dated July 10, 2006 @ 3:58PM where 'Rosenwater' states: ...I resceived a phone call from the **'DOJ'**, they called inreference to my letter. the 'DOJ' said that you were in **violation of your bond,** by attempting to **borrow money**, and that the 'DOJ' claimed that they had previously **spoke to met with the prospective buyer**, of the 'Brestle' home, Ms. Lizabeth Banner regarding this matter. The 'DOJ' stated, that they did not want another victim, and would **not** agree to **any** negotiations in which you ('Brestle') are conning people.It is important to note\*\*\*, at this point 'Brestle' has attorney 'Rosenwater' representing him ('Brestle'), negotiating the possible sale of the 'Brestle' home. Ms. Banner is represented by attorney Guy Robideau, the 'DOJ' does not inform either one of the previously mentioned attorneys of the conversation, or the meeting between the **Department of Justice** and Ms. Banner, where the 'DOJ' tries to discourage the sale of the 'Brestle' home. (As mentioned in paragraph 27 'Brestle's' **chosen counsel**were **disqualified**. And in paragraph 28 Judge Lennia R. Johnson **modifies** 'Brestle's' bond allowing 'Brestle' to **borrow money for counsel**.

G.   'BRESTLE' RECEIVES COURT APPOINTED COUNSEL

31.   'Brestle' is declared **indigent**  in March of 2006, by Magistrate Judge James Hopkins, and is appointed Assistant Public Defender Robert Adler. On September 6, 2006, 'Brestle' files a Pro Se Motion with the court in the Southern Districk of Florida, asking the Court to Conduct an Inquiry in to the Adequacy of Sixth Amendment Right to Counsel. (Asking the court to  disqualify Adler), Prior to an in-camera hearing on the above mentioned date, Adler files an exhibit with the court and presiding Magistrate Judge

to show a possible Sixth Amendment Right Violation on behalf of
the 'DOJ', when 'Brestle' involves his next door neighbor (as
indicated initially in paragraph 29), to purchase his home for
$1.6 million dollars. Liz Banner (the neighbor) **offers an extra
$200,000.00 dollars, $100,000.00 dollars for the Department of
Justice forefieture effort,** and another **$100,000.00** dollars to be
**deposited into an attorneys trust account** designated by 'Brestle
so he can **retain counsel of choice.** As **clearly allowed** for 'Brestle'
to do, per Judge Lennia R. Johnson's **order** dated February 21, 2006
and copied to **AUSA**, Defense Counsel, Pretrial Services and the
**United States** Marshal Service. This above mentioned letter offerring
the extra $200,000.00 dollars is dated August 23 2006, and signed by
'Brestle's' forefieture attorney 'Rosenwater'. It is important to
note***that the 'DOJ' responds again to the August 23,2006 letter
by 'Rosenwater' ina letter dated August 25, 2006 stating that it
will **not co-operate** in **any** financial arrangement with 'Brestle'
The Magistrate Judge **denies** 'Brestle's request to disqaulify the
Public Defender Adler, on September 6, 2007, but in an impromtu
hearing on December 7, 2006 Magistrate Judge Hopkins disqualifies
Adler on the bases of 'Brestle' not being able to establish an
attorney client relationship. 'Brestle' is appointed **"first"** CJA
**counsel.**

**\*\*\*\*IT IS IMPORTANT TO NOTE THAT BRESTLE HOME SOLD IN MAY 2008 FOR
$1.6MILLION DOLLARS.**

    H.      FIRST CJA ATTORNEY

    32. First CJA counsel is reluctant to spend time with 'Brestle'
and 'Brestle' files another motion for Adequacy of Sixth Amendment
Right to Counsel in July of 2007. 'Brestle's' motion is **Granted,**
and first CJA counsel is disquailfied. In this in-camera hearing

Magistrate Judge James Hopkins when telling the court reporter to find 'Brestle' new CJA counsel, the Judge pauses and tells the court reporter that he will personally take care of the appointment. 'Brestle' see's on Pacer on July 12, 2007 that new court appointed counsel has been ordered. 'Brestle' immediately "Googles" new CJA counsel and see's that the newly appointed attorney is is a "PET ATTORNEY" specializing in "LEMON PETS" 'Brestle' also sees that counsel has criminal qualifications. But, when asked by 'Brestle' on July 12, 2007 @ 4:30PM, if counsel has ever participated in cases related to allegations of swindles, ponzi scams, or fraud, counsel replies..."only on the state level". And that the cases never went to trial. (Supreme Court Justice Souter says, that there is not a more trying moment, than when an individual defendant knows he or she is going on trial, to be tried by his piers. 'Brestle realizes that the **United States, Department of Justice, and the Federal Bureau of Investigation, are beating him into legal submission**. ***** It is important to note that on August 13, 2007, above mentioned counsel files a motion asking the court to Appoint Co-Counsel for the Defendant, in the Southern District of Florida. In paragraph 2 and 7 counsel states the following in his motion: 2. "this case involves voluminous and complex discovery". 7. "having Ms. Golder involved in the Defendants case will not only help insure that the Defendant's rights to competent counsel will be protected, but it will also move the case to closure. When pointing out to counsel in documents prepared by the Defendant in response to the Defendants PSIR, the Defendant shows the Tortious Interference by the 'DOJ' in the Southern District of New York to counsel, counsel tells the Defendant to remove it stating: "the tortious interference by the 'DOJ' will cause problems". This e-mail is dated 12/10/2007 @ 9:27:39AM. In a follow up e-mail the Defendant says, "ok I will remove the 'DOJ' part.
The above mentioned motion for co-counsel is denied on August 16, 2007 by the District Court Judge.

·33.  On or about April 22, 2005, 'Brain' acting on behalf of 'CRIC' and "AGC', notified 'Brestle' that 'Brain' and 'CRIC', were terminating negotiations. 'Brain' claimed that 'CRIC's' assets were no longer for sale. In truth, 'AGC" and 'CRIC' still wanted to sell the assets - but to a different buyer: not 'Brestle'.

34.  Thereafter, 'CRIC' and 'AGC' and 'Brain' refused to negotiate futher with 'Brestle'. As a result, 'Brestle' has been deprived of the opportunity to acquire the 'RTG' assets under the business terms provided in the parties preliminary commitment, and 'Brestle'lost substantial sums of money expended in **reasonable reliance** upon the **false promises** and **representations** of 'CRIC' and 'AGC' through Josh Brain.

35.  The actions of the Governments ('FBI' and 'DOJ') interference with other companies owned by 'Brestle', and not part of 'Brestle's' indictment were egregious. The Government not only wanted to try the case against 'Brestle', but they wanted to make sure that they prepared the defense by interferring in ongoing contractual relations with third parties that would have created economic advantage for 'Brestle', not only allowing 'Brestle' to have private chosen counsel, for himself, but also continuing representation by Greenberg Traurig in the ongoing civil action in New York, against 'CRIC' and 'AGC'.

### FIRST CLAIM FOR RELIEF
### TORTIOUS INTERFERENCE
Against the United States of America
### Department of Justice,
### and Federal Bureau of Investigation

36.  Plaintiff repeats and alleges the allegations of paragraphs 1 through 35 above.

37.   'Brestle' had a binding commitment with 'CRIC' and had a reasonable expectation of economic advantage from the Recovery Technologies transaction with 'CRIC'.

38.   The United States Department of Justice and the Federal Bureau of Investigation, knew that 'Brestle' had a business relationship, and intentionally interferred with it, knowing that 'Brestle' had a reasonable expectation of economic advantage from the Recovery Technologies transaction with 'Brestle'.

39.   The United States, Department of Justice and the Federal Bureau of Investigation, intentionally, without justification, procured the breach of the binding preliminary commitment, and intentiaonally interferred with the Recovery Technologies transaction preventing 'Brestle' from realizing performance of the binding commitment, or the economic advantage from the transaction.

40.   The United States, Department of Justice, and the Federal Bureau of Investigation acted soley out of malice and used dishonest, unfair and improper means to gain tactical advantage on 'Brestle'. As pointed out in Header 'D' through paragraph 30.

41.   The United States, Department of Justice, and the Federal Bureau of Investigation's interference is not a mistake, is not inadvertence, but a pattern of untruth's manuevers and ennuendo to stop 'Brestle' from the economic advantage of the transaction 'Brestle' had both in New York, and Palm Beach, Florida.

42.   As a result of the conduct of the United States, Department of Justice, and the federal Bureau of Investigation, 'Brestle' has suffered damages including (without limitation) the profits 'Brestle' lost with the binding commitment of 'RTG', but also the commitments made with Envirotire of Canada, and American Petroleum. 'Brestle' suffers substantial, additional loss of profits as pointed out in

paragraphs 10 through 20 above.

### SECOND CLAIM FOR RELIEF
### NEGLIGENT MISREPRESENTATION
### Against the United States of America
### Department of Justice,
### and Federal Bureau of Investigation

43.   Plaintiff repeats and realleges the allegations of Header 'D' above. (The Neil C. Haeger Jr. Affidavit).

44.   The Federal Bureau of Investigation knew that there representations made were not true, and were intended to cause legal injury, and to harm 'Brestle' economically, by making false and erroneous statements. as pointed out in Header 'D', and paragraph 24 and 30 above.

45.   As a result 'Brestle' suffered damages including (without limitation) the profits lost with the expectation of the economic advantage from the 'RTG' transaction, due to the negligent misrepresentations of the Federal Bureau of Investigation.

### THIRD CLAIM FOR RELIEF
### FRAUD
### Against Crumb Rubber and Angelo Gordon

46.   Plaintiff repeats and realleges the allegations of paragraphs 9, 10, 12, 13, 14, 16, 17, and 20, between December 7, 2004, and April 11, 2005 'CRIC' and 'AGC' (through Josh Brain) repeatedly made representations of material fact to 'Brestle'.

47.   'CRIC and 'AGC' intended for 'Brestle' to rely on the representations, and 'Brestle' did, in fact, reasonably rely upon them.

48.   All of those representations were false when made, and known by 'CRIC' and 'AGC', and Josh Brain to be false when made, (according to the Federal Bureau of Investigation, Special Agent Daniel t. Scotler, when Agent Scotler states, "... 'AGC' advised

Agent Scotler that 'AGC' <u>NEVER INTENDED</u> to sell the 'RTG' assets).

49. 'CRIC' and 'AGC' never had any intention of genuinely continueing to pursue the 'RTG' transaction with 'Brestle' (according to the 'FBI').

50. According to Header 'D' (the Haeger Affidavit), none of the statements made by 'Brain' on behalf of 'CRIC' and 'AGC' were true. And there was never any intent to sell the assets of 'RTG' to 'Brestle' or his ('Brestle's') company 'Global', on the part of 'CRIC' or 'AGC' according to Header 'D'.

**FOURTH CLAIM FOR RELIEF**
**PROMISSORY ESTOPPEL**
<u>**Against Crumb Rubber and Angelo Gordon**</u>

51. Plaintiff repeats and realleges the allegations of paragraphs 1 through 35 above.

52. As described above 'AGC' and 'CRIC' made clear and unambiguous promises to 'Brestle' that they would continue to pursue the 'RTG' transaction notwithstanding the 'LOI's' expiration; would follow the business terms indentified in the 'LOI' and would negotiate the remaing terms in <u>good faith</u>; and that 'AGC' and 'CRIC' would continue to <u>deal</u> with 'Brestle' in seeking to sell the 'RTG' assets.

53. 'Brestle' reasonably and foreseeably relied upon the promises made by 'CRIC' and 'AGC', as pointed out in paragraphs 9, 10, 12, 13, 14, 16, 17, and 20.

54. As the result of 'Brestle' reasonable and foreseeable <u>reliance</u>, 'Brestle' has suffered damages.

### FIFTH CLAIM FOR RELIEF
### BREACH OF BINDING PRELIMINARY
### COMMITMENT
### Against Crumb Rubber and Angelo Gordon

55.   On or about December 7, 2004, 'Brestle', 'CRIC' and 'AGC' entered into a binding preliminary agreement, as pointed in paragraphs, 9, 10, 11, 12, 13, 14, 15, 17, and 20. As part of that agreement, the parties agreed that they would continue to pursue the 'RTG' transaction notwithstanding  the 'LOI's' expiration; and they would follow the business terms previously agreed upon by the parties and memorialized in the 'LOI', such as the price and particular assets to be acquired; that they would negotiate the remaining terms in good faith; and that the seller would continue to deal with 'Brestle'; (as shown in Header 'D', the Neil C. Haeger Affidavit) 'CRIC'or 'AGC' never intended to sell the 'RTG' assets to 'Brestle', or his company 'Global' according to Special Agent Daniel T. Scotler of the 'FBI'.

56.   As a result 'CRIC' and 'AGC' breached the binding preliminary commitment agreement by failing to negotiate  in good faith.

57.   As a result of the 'CRIC' and 'AGC' breach of the binding preliminary commitment agreement 'Brestle' has suffered damages including (without limitaion) the profits 'Brestle' would have made in connection with the 'RTG' transaction.

### CONSTITUTIONAL VIOLATIONS
### WITHIN THE DISTRICT
### Against the United States of America
### Department of Justice
### and the Federal Bureau of Investigation

58.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 35 above.

59. It was the intention of the United States of America, the Department of Justice, and the Federal Bureau of Investigation,

to cut 'Brestle's' legal assistance off. Through over-reaching misconduct. The over-reaching misconduct of the Government, by not telling the truth, pertaining to the economic relationships 'Brestle' had with not only 'RTG', 'AGC' and 'CRIC', but also with 'APG' and "Envirotire", created breach of contract through the Governments tortious interference.

60. 'Brestle' had a substantive right to "Due Process", and to be free of knowing and reckless Government interference.

61. 'Brestle' believes that the Government tried to starve 'Brestle' of funds to continue the lawsuit in the Souther District of New York, by eliminating the economic advantage 'Brestle' would of had with the completion of the 'RTG' acquisition.

62. 'Brestle' was and is entitled to fundemantal fairness, provided under the Constitution.

63. The Governments interference was a series of planned manuevers, to gain tactical advantage on 'Brestle as pointed out in paragraphs 27, when disinfranchising 'Brestle' from corporate counsel, knowing that knowing that there was a chance chosen counsel would be disqualifies under Garcia.

64. The pattern continues when 'Brestle's' nextdoor neighbor offers an additional $200,000.00, for 'Brestle' home. $100,000.00 for the Governments forefieture action, and another $100,000.00 to be deposited into an attorney's trust account so 'Brestle' can once again enjoy counsel of choice. The government once again interferrs with the economic advantage as pointed out in paragraph 30, when the 'DOJ' talks to, or meets with 'Brestle's neighbor, without notifying 'Brestle's' or the prospective buyer's counsel. 'Brestle's' court appointed Federal Public Defender also, feels that the Government may have over-stepped the boundaries of the law when

GARY C. BRESTLE

by: _____

GARY CHARLES BRESTLE, PRO SE'
PLAINTIFF,


Gary C. Brestle
Reg. No.: 75416-004
Federal Satellite Low
2650 Highway 301 South
Jesup, Georgia 31599


Power of Attorney,
Kerri L. Perusse
10513 Marsh Street
Wellington, Florida
33414
Telephone 561-791-1052
E-mail addr. kperussel@comcast.net

Gary C. Brestle
Reg. No.: 75416-004
Federal Satellite Low
2650 Highway, 301 South
Jesup. Ga. 31599

Pro Se Office                                    September 8, 2008
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Court House
500 Pearl Street, Rm 230
New York, New York 10007

**RE: COMPLAINT FOR FRAUD, BREACH OF CONTRACT AND TORTIOUS
INTERFERENCE**

Dear Mr. or Ms. C. Lim,

Enclosed please find Plaintiff's Pro Se and informa pauperi
complaint, for the above referenced subject matter. I have listed
below several typographical errors. I have listed by paragraph
number on the left side of this page, and any subsequent pages the
incorrect word (spelling), or statment. And have listed the proper
usage on the right side. I am sorry for any inconvience that this
may cause you.

```
Paragraph number 2.)  Ronal      Correction   Ronald
               13.)   meeting                 meetings
               13.)   Tah                     that
               15.)   finacial                financial
               19.)   brestle                 Brestle
               20.)   base                    based
               22.)   fro                     from
               22.)   Ronal                   Ronald
               23.)   'Brain's' to 'Brestle   'Brain's' response to
                                              Brestle
```

*** 'D' should be paragraph 24, but, I made a mistake. And then I refer
to it as Header 'D' later in the complaint. (Don't ask me why).

```
        Header 'D'.)  seel                    sell
               'D'.)  natarized               notarized
               'E'.)  Lae                     Law
               30.)   spoke to met            spoke to or met
               38.)   know                    knowing
               50.)   to see                  to sell
Constitutional Violation.) Depaertment        Department
               63.)   knowing that knowing that (repeated)
               64.)   interferrs              interfers
```

Thank-you for your co-operation.

Gary C. Brestle

9.8.08